HARRISON VANSYOC V. FREEWATER CEMETERY ASSOCIATION.

FILED DECEMBER 4, 1901.    No. 10,700.

Commissioner's opinion, Department No. 1.

1. **Certificate of Clerk to Bill of Exceptions.** Where a certificate of the clerk of the district court attached to the record certifies "that the above and foregoing is the original bill of exceptions, and also a true and perfect transcript of the record in the above-entitled cause, as the same is on file and of record in my office," it is a sufficient authentication.

2. **Action for Damages by Fire: INSUFFICIENCY OF PETITION.** A petition which alleges that defendant set out a fire on his premises, that it spread to plaintiff's premises and damaged plaintiff, without an allegation of facts showing negligence on the part of defendant, does not state a cause of action.

3. **Negligence: PRESUMPTION.** The law does not presume negligence; he who relies upon the want of ordinary care as the basis of a cause of action must plead and prove it.

ERROR from the district court for Harlan county. Tried below before BEALL, J.  *Reversed.*

*Webster S. Morlan* and *C. L. Miller,* for plaintiff in error.

*R. L. Keester* and *E. C. Dailey, contra.*

DAY, C.

The Freewater Cemetery Association commenced this action in the district court of Harlan county against Harrison Vansyoc to recover damages alleged to have been sustained by it by reason of a fire which it is claimed defendant set out, and which is charged spread upon and over the plaintiff's land and damaged its property. The trial resulted in a verdict in favor of the plaintiff for $75, upon which judgment was subsequently rendered, to review which the defendant has brought error to this court.

It is insisted by the plaintiff that this court has no jurisdiction to determine the questions presented by the

record for the reason that the certificate of the clerk of the district court appended to the record does not certify that it contains a true copy of the pleadings, the motion for a new trial and the judgment. In our opinion this contention is not well founded. The certificate of the clerk, omitting formal parts, is as follows: "I, George H. Cleaver, clerk of the district court in and for Harlan county, Nebraska, do hereby certify that the above and foregoing is the original bill of exceptions and also a true and perfect transcript of the record in the above entitled cause, as the same is on file and of record in my office." It is not essential that the certificate of the clerk should describe the separate pleadings, the motion for a new trial and the judgment separately. It is sufficient to give the court jurisdiction if the record shows the pleadings, motion for a new trial and judgment, and the certificate recite that it is a "true and perfect transcript of the record in the above entitled cause." A certificate in this form where the specific parts of the files or journal entries are not enumerated, is approved by Strawn in his work on Supreme Court Practice and Forms of Nebraska, pp. 127, 128. In *Herman v. Kncipp*, 59 Nebr., 208, this court held the following to be a sufficient certificate: "That the foregoing is a true and perfect transcript of the record in the above entitled cause, except the bill of exceptions, which original bill is hereto attached." In *Hake v. Woolner*, 55 Nebr., 471, the certificate is as follows: "I, M. S. Campbell, clerk of the district court within and for Otoe county, hereby certify the foregoing to be a true transcript of the record in the within entitled cause; petition, amended petition, stipulation, answer, amended reply, instructions asked by plaintiff, refused, instructions asked by the defendant, refused, instructions of the court, journal entries, and bond, as the same appear on file and of record in my office." The court commenting on the certificate said, "This is a proper authentication merely of the matters specifically enumerated in the certificate, of which the motion for a new trial is not one. The authentication would have been complete

and sufficient had it ended with the language, 'hereby certify the foregoing to be a true transcript of the record in the within entitled cause.' But what follows these words limits the force and effect of the certificate to the particular matters therein designated."

The defendant insists that the petition does not state a cause of action and that his objection to the introduction of any evidence should have been sustained. The second paragraph of the petition contains the material allegations presented by the objection and is as follows: "That on or about the 10th day of April, 1897, the defendant set fire to the grass upon land adjoining that of the plaintiff which was used for cemetery purposes in Harlan county, Nebraska, which said fire immediately spread upon and over the said land of plaintiff, and burned the grass thereon, together with numerous shade and ornamental trees, and killing all of said trees, being twenty or more in number, which were then standing and growing upon the said land of the plaintiff, which said fire did damage the plaintiff 'in the destruction of said trees,' and the injury to the cemetery grounds, in the sum of $200." It will be noted that there is no allegation in the petition that the defendant was negligent in setting out the fire or that he was negligent in permitting it to spread to the premises of the plaintiff. The allegation is simply that he set fire to the grass, that it spread to plaintiff's premises and damaged them. The law does not presume negligence; he who relies upon the want of ordinary care as the basis of a cause of action must plead and prove it. A person has the right to set out a fire upon his premises for the purpose of husbandry or for any other lawful purpose, and the mere setting out a fire is not negligence. The circumstances, however, under which he does it may render the act negligence for which liability will follow. So the mere spreading of the fire does not of itself impute negligence. The utmost care and diligence may have been exercised to prevent its spreading, and if so, no liability would attach for resulting damage. In this case the defendant may have been negligent in set-

ting out the fire at an improper or unsuitable time or in not using reasonable care and diligence to prevent its spreading and doing injury, but there is nothing in the pleadings from which such inference can fairly be drawn. The mere fact that an injury did result does not raise the inference of the want of ordinary care. In *Lincoln Street R. Co. v. Cox*, 48 Nebr., 807, 808, it is held, quoting from the syllabus: "In an action by a servant against his master for personal injuries the jury can not be permitted to infer negligence from the mere fact that an accident happened. A want of ordinary care must be pleaded and proved." In our opinion, the petition fails to state a cause of action and the objections of the defendant raising this question should have been sustained.

It is but justice to counsel for both sides to say that neither appeared in the action in the lower court.

It is, therefore, recommended that the judgment be reversed and the cause remanded for further proceedings.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.