ABRAHAM KATSKEE, APPELLANT, V. CITY OF OMAHA, APPELLEE.

FILED MAY 15, 1923. No. 22383.

1. **Negligence:** PROXIMATE CAUSE: PROOF. Where two or more possible sources exist which may have produced an injury to property, and a party alleges an injury and damage to his property growing out of the alleged negligence of another, and the evidence is prin-

Katskee v. City of Omaha.

cipally circumstantial, the party so complaining must prove, by a preponderance of all the evidence, that the negligence alleged was the proximate cause of the injury and damage, to the exclusion of all other present possible causes, or fail in his action.

2. **Evidence**: EXPERT OPINION: FOUNDATION. A foundation, qualifying a witness to testify that an injury to property was not caused from a particular source, is insufficient to qualify such witness to give an opinion, as an expert, as to the real cause.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Affirmed.*

*E. R. Leigh,* for appellant.

*Dana B. Van Dusen* and *John F. Moriarty,* contra.

Heard before MORRISSEY, C. J., DAY, LETTON and DEAN, JJ., BUTTON, District Judge.

BUTTON, District Judge.

Appellant was the owner of a building in Albright's Annex in Omaha, Nebraska, and in the year 1917, and for several years prior, had conducted a general merchandise business therein. About 40 or 50 feet northeast of appellant's property was a natural watercourse, known as Stock-Yards creek. To the south of appellant's property, and some 40 or 50 feet from the rear of his building, was another creek. In 1916 the city of Omaha constructed a sewer which was intended to take care of the waters from the Stock-Yards creek, and the city removed a bridge over this creek, near appellants building, and filled in the creek. Appellant claimed this fill caused the waters in Stock-Yards creek to back up near his property, and in time there was a seepage through into his basement and his building and goods were damaged, and claimed the proximate cause was the negligence of the city in filling up this natural watercourse.

The evidence was very unsatisfactory and uncertain and entirely circumstantial as to the proximate cause of the injury. The testimony showed the presence of other standing water near the building and the presence of

the other creek, which always contained water, for which the city was in no way responsible. So far as the evidence was concerned, it was just as likely that the water in the basement came from one of these other sources, for which the city was not liable. The court directed a verdict for the defendant, and appellant has brought the case to this court.

It is now contended (1) that the evidence was sufficient to have taken the case to the jury, and that the court erred in directing a verdict; and (2) that the court erred in excluding the opinion of a witness who would have said the waters from the Stock-Yards creek caused the damage.

The overruling of the motion for a new trial is not assigned as error, and possibly this waives the other two alleged errors; however, we shall consider the other two grounds.

The burden was upon the one claiming damage for an injury, to have proved, by a preponderance of all the evidence, that the negligence alleged was the proximate cause. It was not sufficient to have proved a possible cause, nor even a probable cause, the preponderance of the evidence must have pointed to the cause alleged as the proximate one, to the exclusion of other present and equally possible sources of the injury complained of. *Union P. R. Co. v. Fickenscher*, 74 Neb. 497; *Blid v. Chicago & N. W. R. Co.*, 89 Neb. 689; *Ashbach v. Chicago, B. & Q. R. Co.*, 74 Ia. 248; *Neal v. Chicago, R. I. & P. R. Co.*, 129 Ia. 5; *Eisentrager v. Great Northern R. Co.*, 178 Ia. 713.

So far as expert testimony was concerned the foundation was wholly insufficient. The witness tendered was shown to be an expert on locating leaks in pipes and testified he found none in the water pipes in the basement. As to whether the water in the basement came from any other particular source, no foundation was laid to qualify the witness to state. No authorities are

cited in support of the alleged error, and we will not pursue the subject further.

The judgment of the trial court is right, and is

AFFIRMED.