NELLIE HOVELL, Respondent, *v.* THE EVERGREENS, Appellant.

Negligence — fire — trial — evidence — action to recover for damage from fire alleged to have been started on defendant's premises and negligently permitted to spread to plaintiff's premises — erroneous reception of evidence of other fires on defendant's premises — error vital where no direct evidence as to how fire in suit started.

In an action to recover for the destruction of plaintiff's building and its contents from fire alleged to have been started in hay fields belonging to defendant and negligently permitted to escape to the plaintiff's premises, it was error for the trial court to receive, over

objection, evidence of prior fires on defendant's premises, not negligent, which tended to establish nothing relative to the fire in question, and under the charge permit the jury to consider the fact that such other fires had occurred as bearing on the question whether at the time of the fire in suit defendant negligently started a fire on its property or negligently permitted it to spread to plaintiff's property, and where there was no direct evidence as to the manner in which such fire was started, the error was vital.

   *Hovell* v. *Evergreens*, 214 App. Div. 801, reversed.

(Argued February 26, 1926; decided March 4, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered August 26, 1925, affirming a final judgment entered upon the report of a referee after an interlocutory judgment in favor of plaintiff entered upon the answer of a jury to certain questions submitted to it.

*Andrew F. Van Thun, Jr.,* and *Harold J. Roig* for appellant. The trial court erred in admitting evidence, over objection and exception by the defendant, that during several years prior to January 6, 1920, other fires had been started in the cemetery. The trial court also erred in refusing to charge the jury as requested by the defendant that the jury cannot consider, in arriving at a determination of the claim of the plaintiff in this action, that other fires at other times had occurred in the cemetery grounds. (*Wooster* v. *Broadway & Seventh Avenue R. R. Co.,* 72 Hun, 197; *Zucker* v. *Whitridge,* 205 N. Y. 50; *Parsons* v. *Syracuse, B. & N. Y. R. R. Co.,* 205 N. Y. 226; *Flannagan* v. *Brown,* 211 App. Div. 694; *Warner* v. *N. Y. C. R. R. Co.,* 44 N. Y. 465; *Senecal* v. *Thousand Islands Steamship Co.,* 79 Hun, 574; *Higgins* v. *L. I. R. R. Co.,* 129 App. Div. 415; *Arnold* v. *Farmers' Ins. Co.,* 116 App. Div. 60; 197 N. Y. 538; *Rosenberg* v. *Peoples Surety Co.,* 140 App. Div. 436, 437; *Cantor* v. *National Surety Co.,* 208 App. Div. 370.) Such incompetent and irrelevant testimony was clearly harmful to the defend-

**218**     HOVELL *v.* EVERGREENS.

ant's case; and the refusal by the trial court to charge as requested by the defendant was also harmful to the defendant's case. The admission of such testimony and the refusal to charge had a natural tendency to mislead the jury and impair the fairness of the trial. (*Engel* v. *United Traction Co.*, 203 N. Y. 321; *Moore* v. *Rosemond*, 238 N. Y. 356; *Hanrahan* v. *N. Y. Edison Co.*, 238 N. Y. 194.)

*Sidney A. Clarkson* for respondent. The trial court ruled correctly on the questions of law now raised by appellant. (*Warner* v. *N. Y., O. & W. R. R. Co.*, 209 App. Div. 211; 239 N. Y. 507.) Even if the rulings were error, they are not substantial and defendant was not harmed. (Civ. Pr. Act, § 106; *Post* v. *Brooklyn Heights R. R. Co.*, 195 N. Y. 62.)

POUND, J. The action was brought to recover damages for the destruction of a building and contents owned by plaintiff adjoining the hay fields in defendant's cemetery, by means of a grass fire alleged to have been started in the cemetery grounds on January 6, 1920, and negligently permitted to escape to the premises of plaintiff.

The question of negligence was tried out before a jury which found for plaintiff. The evidence was sufficient to sustain a verdict for the plaintiff although the defendant denied that the fire started on its land. The question of damages was then tried out before a referee who reported the damages at $29,718. Final judgment was thereupon entered. The Appellate Division affirmed by a divided court.

The court received over objection and exception evidence, not of prior negligent fires on defendant's property which would have been inadmissible as tending to show a custom of negligence (*Zucker* v. *Whitridge*, 205 N. Y. 50, 60), but of prior fires, not negligent, sometimes very late in the fall and in the early spring, which tended to

establish nothing relative to the fire of January 6, 1920. This was error. At the same time it might be urged that the reception of the evidence was unsubstantial and not reversible error as the whole matter of the earlier fires was gone into and it was fairly well established that the burning over of the grass lot in January had no relation to the customary operations of the defendant. The trial justice might have so instructed the jury. On the contrary, the following appears on the record (fol. 691–2):

" Mr. Van Thun: The jury cannot consider, in arriving at a determination of the claim of the plaintiff in this action, that other fires at other times had occurred in the cemetery ground, that any such testimony in the case would have no bearing on the question in issue here, namely, whether on January 6th, 1920, a fire was negligently started by the defendant in the part of the cemetery immediately adjoining the plaintiff's property and communicated thereto, or that the defendant negligently omitted to watch, tend and control a fire and thereby prevent its spreading to the plaintiff's property.

" The Court: The question whether this fire was negligently started, or whether it was allowed to spread through negligence of the defendant, that is the sole question for you to determine in this case. Other than that I refuse to charge.

" Mr. Van Thun: Your Honor refuses to charge?

" The Court: In your words, yes. In your words I refuse to charge it, other than as amended by my statement."

The jury was thus permitted to consider the fact that other fires at other times had occurred on the cemetery grounds as bearing on the question whether on January 6, 1920, defendant negligently started a fire on its property or negligently permitted the fire to spread to plaintiff's property. As there was no direct evidence as to the manner in which the fire of January 6 was started

the error was vital. That because there had been periodically grass fires on the cemetery grounds there must have been a grass fire on January 6 which spread from defendant's premises to those of plaintiff is a *non sequitur*.

The judgments should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., absent.

Judgments reversed, etc.