HELEN ANDERSON, SPECIAL ADMINISTRATRIX, APPELLANT, V. INTERSTATE TRANSIT LINES, APPELLEE.

FILED SEPTEMBER 20, 1935. No. 29310.

*Tyler & Peterson* and *Crossman, Munger & Barton,* for appellant.

*T. W. Bockes, T. F. Hamer, G. C. Holdrege* and *Pitzer & Pitzer, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

EBERLY, J.

This action was brought by Helen Anderson, special administratrix of the estate of Ralph A. Anderson, deceased, against the Interstate Transit Lines, a corporation, to recover damages for the death of said Ralph A. Anderson caused by the alleged negligence of defendant. The proceeding is one under "Lord Campbell's Act" of Kansas, and is prosecuted for the benefit of the father and mother of deceased.

Ralph A. Anderson was nearly 21 years of age at the time of his death, a single man, and employed by Watson Brothers Transfer Company as a truck driver. At about 1:35 a. m. on December 22, 1931, a collision occurred between a truck operated by Anderson and a bus owned by defendant, Interstate Transit Lines, at a point one and one-half miles east of Hiawatha, Kansas. In this accident Anderson was killed, and in a fire which followed the collision both truck and bus were largely consumed. The defendant's bus was being operated at the time of the collision in the usual course of defendant's business as a carrier of passengers by one William T. Erwin, its employee. The elements of negligence on part of the defendant, as alleged in plaintiff's petition, are, in substance, as follows: (a) That Erwin operated defendant's bus at a reckless and dangerous rate of speed in excess of 55 miles an hour, in violation of the rules of the road and contrary to the rules and regulations of the public service commis-

sion of the state of Kansas; (b) that the bus was late in reference to schedule, and Erwin was driving at an excessive rate of speed to make up lost time; (c) that Erwin carelessly and recklessly operated the bus on the left of the center line and on the part of the pavement reserved for traffic from the opposite direction; (d) that Erwin operated the bus so as to cause it to lurch over the center line of the pavement; (e) that Erwin operated the bus in a dangerous and uncontrollable manner, so that he could not and did not stop the bus in time to avoid the collision; (f) that Erwin failed to give any warning of his intention to cross to the left side of the pavement.

By its amended answer the defendant admits the ownership of the truck by Watson Brothers Transfer Company and the ownership of the bus by Interstate Transit Lines; that Anderson and Erwin were the respective drivers, and that the collision occurred at the time and place alleged in the petition. The answer denies that the accident was caused by the negligence of defendant or its driver, alleges that the accident was caused by the negligence of Anderson and his employers, and further alleges a Kansas statute limiting the recovery in actions for wrongful death to the sum of $10,000.

The plaintiff's reply is a general denial of all new matter in defendant's amended answer.

At the close of plaintiff's testimony, counsel for defendant made a verbal motion for directed verdict or dismissal in the following language: "The defendant moves the court to direct the jury to return a verdict in its favor or to discharge the jury and render judgment dismissing the plaintiff's cause of action for the reason that the evidence offered on behalf of the plaintiff is not sufficient to sustain a verdict against the defendant."

The defendant's motion for directed verdict was sustained by the trial court, and a motion by plaintiff for a new trial was overruled. Plaintiff appeals.

The sole question now presented is the sufficiency of the evidence to support a verdict for appellant.

It appears that at the time of the collision the bus was carrying more than a score of passengers in addition to the driver. The record discloses that one of the passengers was killed, but no evidence of the survivors, who were present when the accident occurred, was introduced at the trial. The sole evidence as to the accident was given by witnesses who arrived after it occurred, and when the bus and the truck were in flames. There is no direct evidence in the record as to the speed of the bus immediately preceding the accident, or that it was operated on the left side of the center of the road, or that it was operated in a dangerous and uncontrollable manner, or that it lurched over the center line of the pavement, or that the bus ever crossed to the left side of the pavement. There is in fact a total absence of proof on each of the several claims of negligence. We know the position of the bus and the truck, including its trailer, after all had come to rest after the collision was over and the damages were suffered by each. True, plaintiff's witnesses testify that as the bus was standing after the collision, if the damaged parts were restored, its left fender and left front wheel would project a few inches north of the center of the road. But we know the damages were inflicted at the moment of the impact. It was in no manner due to the stopping of the motor vehicles after the impact. Nothing in the evidence tends to reasonably identify the point of collision, with reference to the center boundary of the highway. The actual problem presented by the record in its present form is one of the resolution of forces, and we would be required to determine from the position of the two motor vehicles at the conclusion of the incident, just where they actually collided. With no evidence before us as to the weight, speed, location on the highway, or direction of movement thereon, of either truck or bus at the moment of impact, obviously this can not be done.

Thus, in *Kroell v. Lutz*, 210 S. W. (Mo. App.) 926, the court of appeals of Missouri announced the following conclusion:

"Where there was a collision of automobiles at a street intersection, it cannot be said as a matter of law that the accident did not happen as stated by either party, solely from the respective positions of the automobiles after the accident; there being such a complexity of forces and resultants as to afford no idea where the two automobiles would go or what they would do."

In *Corcoran v. Ward,* 115 Cal. App. 180, the district court of appeal of California announced this view:

"The complexity of forces operating on two rapidly moving vehicles in collision with one another often makes it exceedingly difficult to reconstruct the manner of the happening of the accident from testimony concerning the marks found upon the highway and the positions and condition of the cars after the accident."

Negligence cannot be inferred from the mere fact that an accident happened. See *Omaha & R. V. R. Co. v. Clarke,* 39 Neb. 65; *Vansyoc v. Freewater Cemetery Ass'n,* 63 Neb. 143.

In the instant case the evidence upon which the appellant relies is wholly circumstantial. But, "Circumstantial evidence cannot be said to be sufficient to sustain a verdict depending solely thereon for support, unless the circumstances proved by the evidence are of such a nature and so related to each other that the conclusion reached is the only one that can fairly and reasonably be drawn therefrom. *Asbach v. Chicago, B. & Q. R. Co.,* 74 Ia. 248; *Lopez v. Campbell,* 163 N. Y. 340; *American Freehold Land Mortgage Co. v. Whaley,* 63 Fed. 743." *Blid v. Chicago & N. W. R. Co.,* 89 Neb. 689.

We are inclined to accept the views of the courts heretofore quoted as to the fact that mere position of the "bus" and "truck" after the accident, with the accompanying marks, as shown by the evidence, afford no just basis for a reasonable conclusion. In other words, these facts are insufficient to meet the burden of proof.

Therefore, from a careful reading of the entire bill of exceptions we are convinced that the action of the trial

judge in discharging the jury and entering a dismissal of plaintiff's action was amply justified by the record.

The judgment of the district court is,

AFFIRMED.