112

ANNA MAY JONES, ADMINISTRATRIX, APPELLANT, V. UNION
PACIFIC RAILROAD COMPANY ET AL., APPELLEES.

2 N. W. (2d) 624

FILED FEBRUARY 27, 1942.   No. 31227.

*William A. Stewart, Jr., William H. De Parcq* and *Arnold
C. Forbes,* for appellant.

*L. R. Doyle, George B. Dent, Jr., T. F. Hamer, G. C.
Holdrege, W. J. Schall* and *T. M. Hewitt, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

Two actions here are consolidated for appeal. The cases were tried together in the district court on like issues and the same evidence.

Anna May Jones, administratrix of the estates of Lorraine Anna May Menke, deceased, and Leora Anna May Menke, deceased, is plaintiff and appellant in both cases, and Union Pacific Railroad Company, a corporation, and Louis H. Wunderling are defendants and appellees. The actions are for damages for the deaths of the two decedents on account of claimed negligence on the part of the defendants and each of them. A trial was had which resulted in a directed verdict in favor of the defendant Union Pacific Railroad Company, hereinafter referred to as railroad, at the conclusion of plaintiff's evidence, and which resulted in a directed verdict in favor of the defendant Wunderling at the conclusion of all of the evidence. From this action of the trial court the plaintiffs have appealed. They assign numerous errors as ground for reversal.

These two cases grew out of an accident which occurred at about 4:30 p. m. on October 4, 1939, on United States highway No. 30, otherwise known as the Lincoln highway, at a point about two miles east of Gothenburg, in Dawson county, Nebraska. The highway is paved, has two lanes and extends generally east and west. The highway is to the north of and parallels the right of way and tracks of the defendant railroad east of Gothenburg to the scene of the accident and beyond that point. The accident was the result of a collision between a Ford automobile driven by Carold H. Jones, the husband of Anna May Jones and stepfather of the two decedents, and a Chevrolet truck driven by the defendant Wunderling. In the accident the two decedents were almost if not instantly killed.

In her petitions Anna May Jones, who will be referred to hereinafter as the plaintiff, substantially set forth that

the automobile in which she and the decedents were riding was traveling eastward from Gothenburg, and that at some point near that city it entered an area of dense smoke which came from a fire on the right of way of the defendant railroad, which fire had been started by the employees of the said defendant for the purpose of burning off the right of way, and had been allowed to burn during the entire afternoon. The fire was on the south side of the highway, and a wind from the southwest carried the smoke across the highway. After the automobile in which plaintiff was riding had penetrated the smoke for some distance, and while the said automobile was on the right of the center line of the highway, it collided with a Chevrolet truck loaded with coal operated by the defendant Wunderling going in the opposite direction. Plaintiff says that the accident was occasioned by the negligence of the two defendants.

The negligence attributed to the defendant railroad summarized is as follows: (1) In starting the fire, (2) in permitting the fire to spread and get beyond control, (3) in failing to provide adequate employees to control the fire, (4) in failing to warn travelers of the condition created, and (5) in failing to adopt reasonable means to prevent the spread of the fire and the blowing of smoke across the highway.

The negligence attributed to the defendant Wunderling likewise summarized is as follows: (1) In negligently entering the area covered and concealed by smoke without keeping a proper lookout for other traffic on the highway, (2) in failing to slacken his speed and to operate his truck at a reasonable rate of speed, (3) in failing to have his truck under proper control, (4) in failing to give warning of his approach and the movements of his truck, (5) in negligently operating his truck on the left or wrong side of the highway, and (6) in operating his truck at the time and place in question at a wrongful and unlawful rate of speed.

The defendant railroad filed a general denial, and for further answer alleged that the collision was caused by the

negligence and carelessness of Carold H. Jones and of the plaintiff.

The defendant Wunderling also filed a general denial, and for further answer alleged that the collision was caused by the negligence of Carold H. Jones and the plaintiff. He set forth numerous specifications of negligence on the part of Jones and the plaintiff, but we do not deem it necessary to set them forth here.

The replies were general denials.

The several motions for directed verdicts were predicated and sustained on the ground that plaintiff had failed to make proof of any charge of negligence on the part of the defendants, or either of them, which was the proximate cause of the accident. In this connection we will first direct our attention to the defendant railroad.

A careful examination of the bill of exceptions discloses no direct evidence either that any agent or employee of the defendant railroad set the fire in question or knew of its existence. There is no direct evidence that any such employee or agent was in the vicinity of the fire from its beginning until after the happening of the accident. Plaintiff attempted to prove the setting of the fire circumstantially, but on the foundation laid for her circumstantial evidence she was prevented from so doing. Her evidence disclosed that while the fire was in progress some men were seen on the railroad tracks in the vicinity of the fire. They were in working clothes but were not working, and there was no evidence in any wise connecting them with the defendant company. She offered to prove that at points several miles distant employees were burning off the right of way, and also that it was the custom to burn off the right of way at the time of year in question. This was not permitted by the trial court. She did show that at Gothenburg, which city was some two miles to the west of the fire, several employees were engaged in the service of the defendant railroad at all times, and that the area was practically level and the view unobstructed. She also showed that section crews worked east and west out of Gothenburg. She did not show

that the fire was observed from Gothenburg or that the section crew or crews saw or observed the fire or that they had worked eastward from Gothenburg on that day. She showed that fire and smoke were observed in this vicinity at least as early as 1:30 in the afternoon, and that it probably was not abated until after the accident.

This is a summary of the evidence and of proffered evidence which plaintiff urges that the jury should have been allowed to consider in determining the question of whether or not the defendant railroad set the fire, permitted its spread, failed to control it and failed to warn travelers concerning it.

As to the men observed on the tracks, no support to plaintiff's burden of proof may be found in this circumstance. Sufficient is not shown to justify an inference that these men were employees of the defendant railroad. If inferences may be drawn at all, an equally justifiable inference is that they were not. In such situations the applicable rule is that where several inferences are deducible from the facts presented, which inferences are opposed to each other but equally consistent with the facts proved, the plaintiff has not sustained his position by a reliance alone on the inference which would entitle him to recover. *Blid v. Chicago & N. W. R. Co.*, 89 Neb. 689, 131 N. W. 1027; *Katskee v. City of Omaha*, 110 Neb. 380, 193 N. W. 752; *Anderson v. Interstate Transit Lines*, 129 Neb. 612, 262 N. W. 445.

On the record the question of setting, and knowledge of the existence of, the fire must respond to the same rule as is applicable to the men observed on the tracks. If it may be inferred that the employees of the defendant railroad set the fire and knew of it, on the proved facts it may with equal force and propriety be inferred that they did not.

The proffered evidence of other fires set on the right of way many miles distant and a custom of burning of the right of way in the fall was properly rejected. It would have had no value whatever since it had no connection with the fire in question. As observed in *Hovell v. The Evergreens*, 242 N. Y. 216, 151 N. E. 212, this is a *non sequitur*.

The evidence falls short of that required by the rule of sufficiency for the submission of cases to a jury on circumstantial evidence as laid down in the decisions. The rule has been stated as follows: "Circumstantial evidence cannot be said to be sufficient to sustain a verdict depending solely thereon for support, unless the circumstances proved by the evidence are of such a nature and so related to each other that the conclusion reached is the only one that can fairly and reasonably be drawn therefrom." *Anderson v. Interstate Transit Lines, supra; Bixby v. Ayers,* 139 Neb. 652, 298 N. W. 533.

It is suggested in the arguments that the employees of the defendant at Gothenburg by the exercise of ordinary care should have seen and known of the fire before the accident. In the state of the record no such inference or presumption may be indulged. The plaintiff made no inquiry of any employee as to his knowledge of the existence of the fire. She adduced no evidence that any employee in the regular line of duty had a view of the scene of the fire. No evidence was adduced to the effect that the fire or smoke could be seen from the vicinity of the activities of the employees of the defendant railroad. In fact, no facility, structure or place of employment in Gothenburg was specifically located with relation to the fire.

The court did not err in the rejection of the testimony offered in support of the plaintiff's cause of action.

The plaintiff urges in her brief that the smoke must be considered as the proximate cause of the accident, and in support of her position cites certain language contained in the first opinion in *Anderson v. Byrd,* 132 Neb. 588, 272 N. W. 572. In the light of the theory on which plaintiff pleaded and tried her cases, with a failure of proof of essential elements of negligence, we do not find it necessary to discuss or determine this question. If it were necessary to make such a determination, in the light of the described patent condition we observe no reason for departing from the conclusion reached in the opinion on rehearing. *Anderson v. Byrd,* 133 Neb. 483, 275 N. W. 825. There the court

said: "We necessarily conclude that the smoke in the case at bar was a condition and not a proximate cause of the accident. The proximate cause of the collision was the driving of the truck on the wrong side of the road. The position of the truck as it was driven over the highway was a direct cause which continued unbroken by any other efficient intervening cause up to and including the very instant that the accident occurred, and without which cause there would have been no collision between the two motor vehicles."

The plaintiff complains that she was not permitted to prove that, as a part of the condition of fire and smoke, flames or tongues of fire were blowing over and onto the paved highway from the south as the automobile in which she was riding was passing along. When she was so restricted by the ruling of the court, she offered an amendment to her petition to include this in a description of her cause of action. This offer was rejected. The offered amendment added nothing to the cause of action, hence its rejection was proper; but since the plaintiff complained of smoke which resulted from a fire, we think that she should have been permitted to give a full and complete description of the fire which produced the condition of which complaint was made. She was unduly restricted in this regard, but the restriction in the light of other findings could not conceivably have prejudiced plaintiff in relation to her action against this defendant.

We find that the motion of the defendant railroad for a directed verdict in its favor was properly sustained in both cases.

Our attention now turns to the defendant Wunderling. The important question here is one of fact. We are required to determine the question of whether or not there is sufficient evidence of negligence on the part of the defendant Wunderling to require that the case should be submitted to a jury for its decision and determination.

The evidence discloses that the plaintiff entered the area of smoke from the west and defendant from the east, that they did so knowingly and voluntarily and that they trav-

eled in it for a considerable distance, that at the time of the accident a view ahead was difficult if not impossible. The driver of plaintiff's automobile at that time could not see ahead of his car. The defendant says he could see the middle stripe in the highway, but did not see the other automobile until it came within five feet of him. Plaintiff's driver says he had reduced his speed at the time of the accident to four or five miles an hour. The defendant says he had reduced his speed to 20 miles an hour or less. Both cars were lighted. Plaintiff and plaintiff's driver say that their automobile was traveling to the south of the center line of the highway. The defendant says he was driving to the north of the center line. The front ends or some points near the front ends of the two vehicles came into contact and collision. After the collision the automobile in which plaintiff was riding was on the south side of the center facing in a northerly direction. The defendant's truck was on the same side, 50 to 60 feet farther west, facing in a southwesterly direction and was off the paving to the south. Obviously the two came together at some point near the center line. The testimony of the witnesses on this important point as will be observed is diametrically in opposition. Defendant Wunderling contends that there are physical facts which added to his testimony conclusively show that the accident occurred to the north of the middle line, thus showing that he was guilty of no negligence proximately causing the accident, and at the same time showing that the accident was proximately caused by the negligence of the driver of the automobile in which plaintiff was riding.

The physical facts to which attention is directed are marks on the highway which defendant insists show the location of the collision. To the east of what was probably the point of collision there were skid marks approximately 70 feet in length. These marks were a foot or a foot and one-half north of the center line and practically straight. Following the marks was a gap of from 20 to 25 feet where there were no marks. Following the gap there was another mark starting 8 or 10 inches north of the center line and

extending in a semicircle across the center line to the south and leading up to the left front wheel of the Ford. This mark was a scratch in the pavement. Defendant Wunderling assumes that these marks were made by his truck in its movements after the collision. He deduces therefrom substantially that he was traveling on his right side of the highway, and the automobile in which plaintiff was riding came across the middle line and struck the truck breaking the left front, and that this, coupled with the momentum of his truck, carried the truck across the center line over onto the south side.

The rule is that, where undisputed physical facts demonstrate that a collision out of which injuries arose was not caused by negligence of the defendant, the evidence is not sufficient to support a verdict for the plaintiff, and in such case a verdict should be directed for the defendant. *Hessler v. Bellamy,* 128 Neb. 571, 259 N. W. 514. Properly interpreted this rule is just another application of the principles of and weight to be given to circumstantial evidence in actions for damages for negligence. In other words, if but one inference may be arrived at in the minds of reasonable men from an examination of the physical facts, then that inference must be accepted, but if with equal force and propriety an opposite inference or inferences may be drawn the question becomes one for the jury.

Physical facts may not be accepted as a matter of law or as ground for refusal to submit a case to a jury as against the testimony of witnesses on a controverted question of fact, unless they are demonstrable to a degree that reasonable minds cannot disagree as to their existence, and unless the results flowing therefrom are demonstrable to the same degree agreeable to the known and immutable laws of physics, mechanics or mathematics. If they fall short of this test, then they are to be considered by the jury along with all the other facts and circumstances proved. See *Dodds v. Omaha & C. B. Street R. Co.,* 104 Neb. 692, 178 N. W. 258; *Spiro v. St. Louis Transit Co.,* 102 Mo. App. 250, 76 S. W. 684; *Blakeslee's Express & Van Co. v. Ford,* 90 Ill. App.

137; *Holden v. Pennsylvania R. Co.*, 169 Pa. St. 1, 32 Atl. 103; *Kalman v. Pieper*, 158 Wis. 487, 149 N. W. 203; *Quigley v. Naughton*, 100 App. Div. 476, 91 N. Y. Supp. 491; *Hill v. Keezer*, 115 Me. 548, 101 Atl. 356; *Mutch v. San Diego Electric Ry. Co.*, 39 Cal. App. (2d) 327, 102 Pac. (2d) 1100; 3 Am. Jur. 451, sec. 891; Annotation, 21 A. L. R. 141; 1 Elliott, Evidence, sec. 39.

We are unable to say, on this conflicting evidence and the ascertained physical facts, that reasonable minds could not draw different conclusions as to the proximate cause of this accident. In this light the issue of negligence raised by the petition and the answer was one for determination by the jury.

The defendant Wunderling seeks to apply the comparative negligence rule to this case. This rule has no application. The plaintiff has sued in her representative rather than in her personal capacity. Whether or not the negligence, if any, of the driver of the automobile in which she was riding might be attributed to her or whether or not she was negligent herself are beside any question presented. Her negligence or accountability for negligence could not be attributed to the two deceased children. It is not so contended.

We hold that the action of the district court in sustaining the motions of the defendant Wunderling for a directed verdict at the close of all of the evidence was erroneous.

The judgments of the district court as to the defendant railroad are affirmed. The judgments as to the defendant Wunderling are reversed and the causes remanded for a new trial.

AFFIRMED IN PART AND REVERSED IN PART.

On motion for rehearing, the following supplemental opinion was filed July 10, 1942. *Rehearing denied.*

YEAGER, J.

On further consideration we have concluded that the portion of the opinion which holds under the circumstances that as to the plaintiff and the defendant, Wunderling, the

comparative negligence rule has no application should be withdrawn, and this is accordingly done.

It is felt that there should be a continued adherence to the rule as laid down in *Tucker v. Draper*, 62 Neb. 66, 86 N. W. 917. There it was stated: "But in an action by the father for his own benefit to recover for the pecuniary injury which he has suffered by reason of the death of the child, his own negligence contributing to the death will defeat his recovery."

In so adhering to this rule our purpose is only to say that the comparative negligence rule has application.

Under the comparative negligence rule the evidence in this case is not sufficient to permit this court to say as a matter of law that plaintiff was guilty of negligence, or of contributory negligence in a degree that would prevent a recovery against the defendant Wunderling.

This conclusion in no wise changes the ultimate conclusion arrived at in the original opinion. Otherwise, the original opinion is adhered to and the several motions for rehearing are overruled.

REHEARING DENIED.