SUE M. CRANDALL, ADMINISTRATRIX, APPELLEE, V. CHARLES F. LADD ET AL., APPELLANTS.

7 N. W. (2d) 642

FILED JANUARY 15, 1943. No. 31478.

*Baylor, Tou Velle & Healey,* for appellants.

*Harry R. Ankeny, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an action for damages by Sue M. Crandall, administratrix of the estate of Lawrence G. Crandall, deceased, who was the wife of the deceased, plaintiff and appellee, against Charles F. Ladd and Minnie Ladd, defendants and appellants.

The case was tried to a jury with the result that a verdict was returned in favor of the plaintiff and against defendants for the sum of $8,200. Judgment was entered on the verdict and the defendants have appealed.

Since the appeal the defendant Charles F. Ladd has died and his death has been suggested but no further steps have been taken.

The action grows out of an automobile collision which occurred in the intersection of Sixteenth and Q streets in Lincoln, Nebraska, at about 3 o'clock p. m. on February 23, 1941. At the time of the accident Lawrence G. Crandall was driving a Lincoln Zephyr automobile eastward on Q street, which automobile was occupied by three persons other than himself. They were Sue M. Crandall, owner of

the automobile and plaintiff here, Kenneth Leroy King and Esther King, his wife. Mr. King was to the right in the front seat, Mrs. King to the left in the rear seat and Mrs. Crandall to her right. At the same time the defendant Minnie Ladd was driving a Ford automobile north on Sixteenth street. She was alone in the automobile. The automobile she was driving belonged to the defendant Charles F. Ladd, her husband, and was used generally by the defendants as a "family purpose" car. The automobile of the defendants came into collision with the right rear fender of the one in which plaintiff was riding. As a result of the collision the Crandall automobile was overturned, resulting in injuries to Lawrence G. Crandall from which he died.

The plaintiff has brought this action as administratrix and for her benefit as widow and sole heir of the deceased, Lawrence G. Crandall. She claims that the collision and the consequent injury and death of her husband were the result of the negligence of the defendant Minnie Ladd, and that by reason of the ownership and use to which the automobile was put the defendant Charles F. Ladd became chargeable with such negligence.

Briefly summarized to the extent necessary to be set forth here, the plaintiff charged that the defendant Minnie Ladd was guilty of negligence in the following particulars: She drove her automobile at an excessive rate of speed; she failed to have her automobile under proper control; she failed to keep a proper lookout; she, after observing the danger in which plaintiff's decedent was placed, or being in a position to make such observation, failed to act in such manner as to permit the plaintiff's decedent to extricate himself from such danger; and she failed to yield to the plaintiff's decedent the right of way which had been forfeited by her on account of the excessive rate of speed at which she was driving.

The defendants jointly and severally answered the petition. In the answer the collision is admitted and also that Lawrence G. Crandall died as a result of the collision. They denied that the defendant Minnie Ladd was responsi-

ble for the collision. Further answering they charged that the collision was caused and contributed to by the negligence of plaintiff's decedent as follows: That he failed to yield the right of way to the defendant Minnie Ladd; that he drove at a high and excessive rate of speed; that he failed to slacken his speed; that he failed to see the automobile operated by defendant Minnie Ladd, or if he did see it he acted in disregard of the knowledge thereof; that he did not have his automobile under control; and that he drove his automobile in disregard of warning signs erected pursuant to ordinance of the city of Lincoln. They further charged that the plaintiff was guilty of negligence which contributed to the accident as follows: That she failed to keep a proper lookout for traffic and particularly of the automobile operated by the defendant Minnie Ladd, or if she did keep such proper lookout she failed to warn the decedent of its approach; and that she failed to caution, warn or protest to the decedent either concerning the manner of his driving or the existence and manner of other traffic on the highway. There are other allegations of negligence, but they either find no support in the evidence or are of like import to the allegations summarized herein.

The reply controverts the affirmative allegations of the answer which are inconsistent with the allegations of the petition.

Numerous errors are assigned as grounds for reversal. They are arranged in groups in appellants' brief for discussion, and to the extent that it is necessary to discuss them we will follow this arrangement. The first four deal with the question of whether or not the evidence is sufficient factually and legally to support a verdict in favor of plaintiff.

For a discussion of these assignments it is necessary to discuss the evidence as to the rates of speed that the two automobiles approached the intersection, the relative time of the respective approaches and the duties devolving upon the parties growing out of the relative direction of approach.

There can be no question and it is substantially agreed that if the two automobiles had approached at approximately the same time and at lawful rates of speed, the Ladd automobile under the law and facts of this case, having been to the right of the Crandall automobile, would have had the right of way in the intersection. Comp. St. 1929, sec. 39-1115; Comp. St. Supp. 1941, sec. 39-1148; Ordinance, City of Lincoln, No. 3787, sec. 701; *Schrage v. Miller*, 123 Neb. 266, 242 N. W. 649; *Plotkin v. Checker Cab Co.*, 133 Neb. 1, 274 N. W. 198; *Parks v. Metz*, 140 Neb. 235, 299 N. W. 643. The evidence of the parties on this point is in sharp conflict. The evidence of the defendants varies to some extent, but it may be said generally to indicate that the two automobiles approached the intersection at about the same time. The evidence of the plaintiff varies in considerable degree, but certain of the witnesses testified that the Ladd automobile was approximately a half block away and others that it was a lesser distance but some distance back when the Crandall automobile was entering the intersection. All of them testified that the Crandall automobile was in the intersection ahead of the Ladd automobile.

The evidence as to rates of speed is also in sharp conflict. The defendant estimated the speed of her own car at 20 miles an hour. Others estimated it as high as 35 miles an hour. A witness or witnesses estimated the speed of the two cars as about the same and at from 20 to 25 miles an hour. Witnesses estimated the speed of the Crandall car from 15 to 30 miles an hour.

It follows, therefore, that on these essential propositions, the evidence being in dispute and the theory of the plaintiff finding substantial support in the evidence, issues of fact on the existence of negligence and contributory negligence in the light of the pleaded and proved ordinances of the city of Lincoln were presented for determination by a jury.

By ordinance No. 3787 of the city of Lincoln, Nebraska, section 106, the intersection in question is within the "congested district," and by section 720 of the same ordinance

the maximum speed allowed in the "congested district" is 15 miles an hour. Paragraph (a), sec. 701 of the ordinance, provides: "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise herein provided." Paragraph (h) is as follows: "The driver of any vehicle traveling at an unlawful rate of speed shall forfeit any right of way which he might otherwise have hereunder."

The following rule laid down by the court is applicable in these circumstances: "Where different minds may reasonably draw diverse conclusions from the same facts as to whether or not they establish negligence or contributory negligence, those issues must be submitted to the jury." *Casey v. Ford Motor Co.*, 108 Neb. 352, 187 N. W. 922; *Moncrief v. Interstate Transit Lines*, 129 Neb. 168, 261 N. W. 163.

It appears to be the theory of the defendants that it is conclusively established that the two automobiles approached the intersection at approximately the same time, and that the plaintiff's decedent having seen the defendants' automobile, or in the exercise of proper care should have seen it, took no precaution to avoid a collision, and therefore he was guilty of such negligence as would preclude a recovery as a matter of law.

The case of *Nelson v. Plautz*, 130 Neb. 641, 265 N. W. 885, is cited and quoted from as follows: "If both cars had been driven with due care, the collision would not have occurred. It is not enough to prove that the driver of defendant's car was guilty of negligence if the evidence shows that the driver of plaintiff's car was also negligent and that his negligence was more than slight."

The following from *Klement v. Lindell*, 139 Neb. 540, 298 N. W. 137, is called to our attention: "After entering the intersection the plaintiff still had a duty to perform; to use reasonable care in driving his car with respect to approaching traffic, and to consider the condition of the highway and the protection of life, limb and property."

Relying on these cases and others cited, it is contended by defendants that the applicable rule here is that a driver approaching an intersection at approximately the same time as another approaches from his right is negligent as a matter of law if he fails to see such vehicle, or seeing it disregards the knowledge thus acquired.

Assuming that this is a correct and soundly stated rule, it can have no application here. The location of the Ladd car when the Crandall car approached the intersection was not conclusively established. Here was a jury question, and under the evidence the jury could reasonably have found that the Ladd car was so far distant when the Crandall car entered the intersection that plaintiff's decedent was in no wise negligent in attempting to pass through the intersection ahead of the Ladd car. It could have found that either or both of said parties violated the ordinances pleaded, and that no such violation was actionable negligence for the reason that the ordinance violation was not the proximate cause of the accident.

It was proper for the court to submit the negligence of the defendants to the jury.

The defendants complain that the court erred in refusing to submit the question of the contributory negligence of the plaintiff to the jury.

This was an issue tendered by the answer of the defendants, and the theory of the defendants was supported by evidence. The plaintiff testified that she saw the Ladd car coming toward the intersection before it had reached the Virginia apartments, the closest line of which was 100.2 feet from the intersection, and that it was approaching at a speed of 35 miles an hour; that at all times Mrs. Ladd was looking up over the buildings to the west and not in the direction of the Crandall car; that she remarked to Mrs. King that she hoped that Mrs. Ladd would look where she was going, but that she did not warn her husband who was driving.

In *Tucker v. Draper*, 62 Neb. 66, 86 N. W. 917, it was stated: "But in an action by the father for his own benefit

to recover for the pecuniary injury which he has suffered by reason of the death of the child, his own negligence contributing to the death will defeat his recovery." This rule was reaffirmed in the recent case of *Jones v. Union P. R. Co.*, 141 Neb. 121, 4 N. W. (2d) 875. The rule laid down there is applicable here where the action is for the benefit of the wife.

That the plaintiff was under a duty to warn her husband of danger known to her there can hardly be any doubt. In *Murphy v. Shibiya*, 125 Neb. 487, 250 N. W. 746, it was stated: "The negligence of a husband while driving his automobile with his wife as his guest may not be imputable to her, but she may be responsible for the consequences of her own negligence in failing to warn him of known approaching danger and to protest for her own safety against his recklessness." Other cases supporting this view are *Tomjack v. Chicago & N. W. R. Co.*, 116 Neb. 413, 217 N. W. 944; *Behr v. Duling*, 128 Neb. 860, 260 N. W. 281; *Bergendahl v. Rabeler*, 133 Neb. 699, 276 N. W. 673; *Fischer v. Megan*, 138 Neb. 420, 293 N. W. 287.

We conclude that the trial court erred in refusing to submit to the jury the question of contributory negligence on the part of the plaintiff.

Next the defendants urge that the court erred in giving instruction No. 10 of its own motion, and in refusing to give instruction No. 3 requested by the defendants.

We find no merit in the contention. Instruction No. 10 fully and fairly states the rules of law relative to the duties of persons approaching intersections from opposite directions at approximately the same time. It does not recite the effect of violations of speed regulations, but this is set forth in instruction No. 7 by quotation from the City of Lincoln ordinance. Instruction No. 3 requested by the defendants contains a statement of the rules and goes further and requests an interpretation of the rules. The rules themselves are plain and clear and do not require interpretation. The court did not err in this respect.

Defendants urge that the court erred in the failure to

properly instruct with regard to the failure of the deceased to have a driver's license. In this contention we think there is no merit.

The evidence indicated that the deceased had no driver's license. The court instructed that this evidence was "admitted by the court for your consideration merely for whatever you may consider it worth in determining whether or not Crandall was negligent at the time."

If this was error no reason is observable why it was prejudicial to the defendants. There is no word in any of the testimony from which even an inference of casual connection between the accident and the failure to have a driver's license could be drawn.

We are not unmindful of the rule that a violation of a statute or ordinance enacted in the interest of public safety is evidence of negligence (*Walker v. Klopp*, 99 Neb. 794, 157 N. W. 962; *Stevens v. Luther*, 105 Neb. 184, 180 N. W. 87), but the rule cannot be made applicable unless there is some causal relation between the violation and an accident.

Complaint is made that there was error in instruction No. 9 in that the court instructed the jury that, "If you find that Minnie Ladd was guilty of negligence, as claimed by the plaintiff, then her husband would be equally and jointly liable with her for any damage that might result therefrom," without taking into consideration the contributory negligence of plaintiff or of plaintiff's decedent, or the question of proximate cause. This contention does not take into consideration the full purport of all of the instructions. The instructions as to Minnie Ladd and plaintiff's decedent were proper under the comparative negligence rule; hence, since it was admitted that the automobile driven by Minnie Ladd belonged to Charles F. Ladd and was a "family purpose" automobile, by reference to the other instructions it is clear that instruction No. 9 was correct on the theory on which the case was submitted.

The contention is made that the court erred in refusing to give a proper instruction on the measure of damages. We find no error here.

The remaining material assigned errors do not require consideration and discussion since they refer to the verdict of the jury.

For the reasons herein stated, the verdict and judgment are reversed, and the cause remanded for a new trial.

REVERSED.