RUDOLPH ULRICH, APPELLEE, V. HOWARD M. BATCHELDER, APPELLANT.

10 N. W. (2d) 637

FILED JULY 30, 1943. No. 31589.

*Brown, Crossman, West, Barton & Fitch,* for appellant.

*Gross & Crawford* and *Harry L. Welch, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ., and TEWELL, District Judge.

YEAGER, J.

This is an action for damages instituted in the district court for Douglas county, Nebraska, by Rudolph Ulrich, plaintiff and appellee, against Howard M. Batchelder, defendant and appellant. The cause was tried to a jury which resulted in a verdict and judgment in favor of plaintiff and against the defendant for $2,850. From this judgment and the order of the court overruling motion for a new trial the defendant has appealed.

The action grew out of a collision between automobiles owned and operated by plaintiff and defendant. On September 14, 1941, the plaintiff was driving his Chevrolet Town Sedan, 1940 model, weight not given, southward on a

public highway extending from Omaha, Nebraska, to and through Nebraska City, Nebraska, known as U. S. highway number 75-73. The highway runs generally north and south and is paved to a width of about 18 feet. It is divided for north and south-bound traffic by a line extending down the center. At the same time the defendant was driving his Pontiac Coupé, 1932 model, weighing about 3450 pounds, northward on this highway. At a point about eight and one-half miles north of Nebraska City on a level and straight portion of the highway the left fronts of the two automobiles came into collision as a result of which plaintiff was injured and his automobile damaged. The defendant was also injured and his automobile damaged. At the time of the accident the speed of plaintiff's automobile was estimated at 25 miles per hour and defendant's at 20.

The plaintiff by petition claimed that the collision was caused by the negligence of the defendant. The defendant by answer and cross-petition claimed that it was caused by the negligence of plaintiff.

Many grounds of negligence were alleged in the petition and in the cross-petition but only one was submitted to the jury. Each charged as negligence that the other was, at the time of the collision, driving to the left of the center line of the highway. Based upon an instruction containing this charge and countercharge and the usual and customary instructions with regard to comparative negligence, the jury returned a verdict in favor of plaintiff and against the defendant.

It is the contention of defendant, first that plaintiff failed to adduce any evidence to sustain the charge of negligence against defendant, and, second, that the failure of the jury to find that plaintiff was guilty of negligence was erroneous. These two propositions will be considered in the order stated.

For the purpose of determining whether or not there was sufficient evidence of negligence on the part of defendant to warrant a submission of that issue to the jury it is necessary that all facts and circumstances and legitimate infer-

ences to be drawn therefrom must be viewed in the light most favorable to the plaintiff. *Schroeder v. Bartlett,* 129 Neb. 645, 262 N. W. 447; *Meyer v. Platt,* 137 Neb. 714, 291 N. W. 86.

The substantial facts as related by witnesses for plaintiff are about as follows: It was raining when plaintiff passed Fort Crook, a few miles south of Omaha. Just below Fort Crook he picked up two soldiers. The three rode together in the front seat of the car. Sometime before and at the time of the accident there was a heavy downpour of rain described as a cloudburst. Vision ahead was obscured. Plaintiff's lights were on and the windshield wipers were working. Plaintiff's passengers did not see the approach of defendant's automobile. This was accounted for by the probability that one was asleep and the other probably dozing. Whether the plaintiff saw it or not cannot be stated. He was knocked unconscious by the collision and remembers nothing from the time he left Fort Crook until he regained consciousness at Nebraska City about midnight. The first knowledge that one of the passengers had of the accident was a fall through the right door of the automobile onto the shoulder on the west side of the pavement. Just at what instant with reference to the accident that the attention of the other was called to it is not very clear. It was thought very shortly thereafter. These two witnesses agree that immediately after the accident the right wheels of plaintiff's automobile were on the west shoulder and the left wheels on the pavement. The automobile was headed southward. The automobile was approximately half on and half off the pavement. One of these two witnesses said that the defendant's automobile was headed northwest and was about six feet east of plaintiff's automobile with its front end west of the center line and the rear end to the east of the line, and that the front end of defendant's automobile was a little to the south of the front end of plaintiff's automobile. The other said that after the accident defendant's automobile was facing west and that its front end was within three to five feet of plaintiff's automobile,

and was within two to four feet from the west edge of the highway. The distances testified to by these two witnesses were approximations.

The other testimony on behalf of plaintiff was given by witnesses who appeared on the scene after the accident. In important detail it deals with the position of the two automobiles after they appeared on the scene.

Very soon after the accident, the exact length of time being uncertain, an automobile owned by one John P. Moore came from the north to the scene of the accident. Moore got out and from his observation at the time the plaintiff's automobile appeared to be in the position described by the two soldiers. Defendant's automobile appeared to be about half on the east and half on the west of the center line of the highway and headed toward the northwest. The front end of defendant's automobile was about five feet south of the front end of plaintiff's automobile and about seven feet east of the west edge of the pavement.

Thomas Moore, driver of the John P. Moore automobile, fixed the positions of the two automobiles about the same as did John P. Moore. In addition he testified that there was not sufficient space for him to pass without leaving the pavement.

Leon B. Kramer, a passenger in the John P. Moore automobile, fixed the position of plaintiff's automobile about the same as did John P. and Thomas Moore. He did not attempt in his direct testimony to fix the position of defendant's automobile. On cross-examination he admitted that he had given a statement in which he stated that defendant's automobile was east of the center line of the highway and that the statement represented his recollection with reference to that matter.

This we think is a fair résumé of the evidence offered by the plaintiff as to the manner in which the accident came about and as to the circumstances surrounding it in proof of negligence on the part of defendant.

The defendant challenged its sufficiency at the conclusion of plaintiff's case by motion for directed verdict. This motion was overruled.

Following the ruling on the motion for directed verdict defendant adduced his evidence. The important parts of his testimony are: That he says he was driving at all times on his right side of the center of the highway and that he saw plaintiff's automobile about 75 feet away and it came down its wrong side of the highway and the left front ends of the two automobiles came into collision. He said that after the collision his car was on his right side of the highway facing northwest and that plaintiff's automobile was right in front with the left front wheels of the two automobiles lapped over. The automobiles were not in contact but were a foot or two apart. It was his thought that immediately after the accident plaintiff's automobile was about half on the east side of the center line of the highway.

At the conclusion of all of the evidence defendant renewed his motion for a directed verdict. It was again overruled.

The burden of proving negligence on the part of the defendant was upon the plaintiff. *Winterson v. Pantel Realty Co.*, 135 Neb. 472, 282 N. W. 393; *Olson v. Omaha & C. B. St. Ry. Co.*, 137 Neb. 216, 289 N. W. 356; *Bowers v. Kugler*, 140 Neb. 684, 1 N. W. (2d) 299.

Was there evidence of negligence or evidence from which a reasonable inference of negligence could be drawn that defendant was driving his automobile on the wrong side of the highway at the time and place in question? Admittedly there is no direct evidence of such fact. What then are the circumstances which must be examined? Taking the circumstances in the light most favorable to the plaintiff the defendant's automobile was standing, after the accident, diagonally across the highway headed northwest half east and half west of the center line with both rear wheels east of the line. The left front end was crushed. The plaintiff's automobile was to the northwest headed directly south paralleling the highway with one-half on and one-half off the pavement. The left front end was crushed. The two automobiles were not in contact. While there is no direct evidence that this was the position of plaintiff's

automobile immediatly after the accident such an inference may be drawn. There are no other informative circumstances.

Before it can be said that there is evidence that defendant was guilty of negligence, that is that he was driving on the wrong side of the highway, we must find that from these circumstances a reasonable inference flows that such was the case, and that inference is the only one that may be fairly and reasonably drawn therefrom. *Anderson v. Interstate Transit Lines*, 129 Neb. 612, 262 N. W. 445. No such single reasonable inference may be drawn. Illustrative of the fact that this is not the only inference that might reasonably be drawn from these circumstances, it could be inferred from the fact of the position of the rear wheels of defendant's automobile which were well to the east of the center line of the highway, that it was struck while the front end was on that side and dragged across and that the force of the impact, the angle of contact, the condition of the surface of the highway at the time, the speed of the automobiles, the difference in weight and the counteraction of the momentum of the two automobiles, had the effect of propelling plaintiff's automobile to its position at the edge of the highway. This is but speculation but not more so than the theory of plaintiff.

Plaintiff's cause of action in the light of the evidence is clearly controlled by *Anderson v. Interstate Transit Lines, supra,* wherein in the opinion it is stated: "We are inclined to accept the views of the courts heretofore quoted as to the fact that mere position of the 'bus' and 'truck' after the accident, with the accompanying marks, as shown by the evidence, afford no just basis for a reasonable conclusion. In other words, these facts are insufficient to meet the burden of proof." In this case there is not even evidence of marks, broken glass or other débris indicating a probable point of collision.

We are required to hold that the record is devoid of evidence of negligence on the part of defendant and that the trial court erred in submitting that question to the jury.

As has been pointed out defendant contends that the verdict against him on his cross-petition was erroneous.

It is true that the evidence of defendant on his charge that the plaintiff was guilty of negligence which was the proximate cause of the accident was sufficient on which to submit that issue to the jury. It was submitted on instructions of which no complaint is made. The verdict was in favor of plaintiff. It cannot be set aside by this court without an invasion of the province of the jury. We cannot say on the evidence adduced that reasonable minds could not differ on the question of whether or not plaintiff was guilty of negligence. The controlling rule in such circumstances is the following: "Where different minds may reasonably draw diverse conclusions from the same facts as to whether or not they establish negligence or contributory negligence, those issues must be submitted to the jury." *Casey v. Ford Motor Co.*, 108 Neb. 352, 187 N. W. 922; *Moncrief v. Interstate Transit Lines*, 129 Neb. 168, 261 N. W. 163; *Crandall v. Ladd*, 142 Neb. 736, 7 N. W. (2d) 642.

The judgment of the district court as to plaintiff's cause of action is reversed and the petition dismissed. The verdict and judgment on defendant's cross-petition are affirmed.

AFFIRMED IN PART AND REVERSED IN PART.