JACOB C. ROTH, APPELLEE, v. CHARLES BLOMQUIST, APPELLANT.

FILED JULY 10, 1928. No. 25974.

*John W. Yeager* and *J. C. Cook,* for appellant.

*Gray, Brumbaugh & McNeil contra.*

Heard before Goss, C. J., Rose, Good, Thompson, Eberly and Howell, JJ.

Rose, J.

Jacob C. Roth, plaintiff, brought this action to recover from Charles Blomquist, defendant, $11,400 in damages for alleged negligence. While plaintiff in a Ford coupé was driving westward with his wife on the Lincoln Highway in Valley after dark on the evening of November 17, 1924, he ran into a wagon in which Thomas Corbett, a farm-hand in the employ of defendant, was driving a team of horses northward at a farm crossing. Plaintiff and his wife were injured and his coupé was damaged. The negligence imputed to defendant is that his employee, without any light on the team or wagon, knowing, or chargeable with notice, of plaintiff's approach, drove the team from the south across the highway directly in front of the coupé at an unlighted private crossing not apparent to plaintiff or known by him to exist, thus causing the collision. The answer of defendant contains a denial of the negligence charged in the petition and also a plea that the collision and the resulting injuries were caused by plaintiff's negligence. Defendant's charges of negligence were put in issue by a reply to the answer. Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $4,975. From a judgment therefor defendant appealed.

Insufficiency of the evidence to sustain the verdict is urged as a ground of reversal. The collision occurred on

a straight, level, unobstructed, paved highway. The pavement was 18 feet wide and the roadway was 4 feet or more in width on each side. Defendant farmed land on both sides. His farm buildings were north of the highway near the east line of Valley. A sign by the roadside warned motorists approaching the village from the east that the municipal speed limit was 15 miles an hour. There was a farm crossing from the south to defendant's barn. In the afternoon of November 17, 1924, Corbett had been husking corn in a field south of the highway, using a team of horses hitched to a wagon with high sideboards. He had unloaded the wagon at a crib south of the highway and had started to the barn in the empty wagon. He approached the farm crossing after lights on passing cars had become necessary.

In his own behalf plaintiff testified in substance: The lamps on his car threw the light 40 or 50 feet ahead; first saw the team and wagon when probably 20 or 25 feet from them; was not going over 25 miles an hour—about that rate; horses had traveled half the distance across the highway before he saw them; rear of horses about center of highway at the time of the impact; thought most of the team was then practically across the pavement; nothing to obstruct his view; lights of other cars did not interfere.

In attempting to make his case plaintiff was bound by his own testimony, which shows conclusively in connection with evidential facts not disputed that he could not stop within the distance that his lamps threw light ahead of his car upon discovering the team and wagon. A general rule of law has been stated thus:

"It is the duty of a chauffeur traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision." Berry, Automobiles (5th ed.) sec. 177. See, also, Huddy, Automobiles (8th ed.) sec. 396, and 1 Blashfield, Cyclo-

pedia of Automobile Law, ch. 16, sec. 17, p. 350, and cases cited in the texts.

This general rule is supported by sound reasons and the overwhelming weight of authority. When applicable to the facts a violation is of itself negligence precluding a recovery in favor of the motorist for resulting injuries to himself or to his property. Without such a rule the hazards at farm and highway crossings and at other places on the lines of public travel would be unnecessarily and alarmingly increased. There are at night instances in which persons in charge of domestic animals or other property suddenly or temporarily, in absence of negligence, obstruct a highway without opportunity to give drivers of approaching automobiles instant notice. A farmer in the exercise of due care may return from his own field at dusk with a team and wagon and cross a highway to his barn. In doing so he is not required by statute to carry a warning light. In the present instance the farm-hand did nothing to prevent the application of the rule quoted. His team was nearly across the pavement at the time of the impact. Had the coupé been approaching at a reasonable speed under the circumstances he would have crossed in safety. Before driving onto the pavement he looked toward the approaching car when he had a right to believe he had time to cross. Plaintiff did not make a case and there should have been a peremptory instruction in favor of defendant.

There are recognized exceptions to the general rule or instances to which it does not apply, among them an unbarricaded, unknown, open, unlighted ditch across a highway that could only be seen at close range and not anticipated *(Tutsch v. Omaha Structural Steel Works,* 110 Neb. 585) ; corner of a platform with a narrow edge extending from a drag line over a street car track and discernible only in close proximity to the obstruction *(Day v. Metropolitan Utilities District,* 115 Neb. 711) ; an obstruction consisting of a pile of gravel similar in color to

448

the surface of the highway (*Frickel v. Lancaster County,* 115 Neb. 506).

For the reasons stated, the judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.