KATHRYN F. FISCHER, ADMINISTRATRIX, APPELLEE, V. CHARLES P. MEGAN, TRUSTEE, APPELLANT.

293 N. W. 287

FILED JULY 12, 1940. No. 30754.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* for appellant.

*Francis P. Matthews, Earl Hasselbalch* and *William P. Kelley, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is an action by plaintiff, Kathryn F. Fischer, administratrix of the estate of her deceased husband, Herman

J. Fischer, to recover from the defendant, the Chicago & Northwestern Railway Company, $100,000 in damages for alleged negligence causing his death.

At St. Edward, Nebraska, Herman J. Fischer became a gratuitous guest on the driver's seat in the cab of a motor truck. The truck was loaded with cattle for the market at Omaha and was in charge of Lawrence Kleve, the driver. When he arrived from the west at the south end of Rivett Siding, near Omaha, on Maple street where it crosses defendant's railway at grade and approximately at right angles, a train with a freight car directly across Maple street was standing on the main line of the railway track. The truck driven by Kleve struck the freight car a violent blow about 1:05 a. m., Monday, November 27, 1934, and Fischer, a passenger in the truck, was instantly killed.

In her petition plaintiff alleged in different forms that defendant was guilty of negligence in blocking the highway, at the time and place and in the manner already indicated, on a dark, cloudy, rainy and foggy night, without stationing a member of the train crew at the place of danger to give warning of it to approaching motorists by signal lights, flares, torches or other means.

Defendant denied the negligence charged to it in the petition, and pleaded in defense of the action that the collision and resulting damages were caused by the negligence of the truck driver and the passenger.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $25,000, and from a judgment therefor defendant appealed.

At the close of the testimony, the sufficiency of the evidence to support a finding in favor of plaintiff on the issue of defendant's negligence was challenged by motion for a peremptory instruction. The motion was overruled and the case submitted to the jury. Failure of the trial court to enter a nonsuit is urged on appeal as a ground for reversal. If plaintiff did not prove actionable negligence of defendant, the submission of the case to the jury was erroneous.

There was a warning signal on Maple street 428 feet west

of the crossing: "R. R. Speed 12 M. State Law." Another signal read: "Stop. State Law." In addition, there was an electric wigwag signal flashing red rays on the north side of the street and 15 feet east of the center of the railroad track on top of a standard 13.8 feet high. Looking west from the crossing, Maple street was straight, was paved and practically level for 900 feet. From a point in the street 75 feet west of the railroad track there was normally an unobstructed view of moving trains for long distances both north and south. Direct evidence to which credence must be given proves that a whistle for the crossing was blown and the bell on the locomotive was rung as the train approached and partially crossed Maple street. Positive testimony of witnesses who so testified was not discredited by other witnesses who went no further than to say they did not hear the train signals. They were evidently handicapped by inattention or by traveling in the cab of the truck with the windows closed. Defendant had a right to cross the highway with its train after giving the proper signals. The statutory signals were given. The evidence does not show that a moving train at the crossing would have exposed the occupants of the truck to greater danger than a train temporarily standing across the highway. Plaintiff did not point out a statute or public regulation requiring the train crew to give additional warning by flares or torches or prove that the crew, after the train stopped, had time to give such signals or move the train from the crossing before the truck struck the freight car. The evidence is that the collision occurred almost instantly after the train stopped. The space between the bodies of the cars in the freight train was two feet or more and it is a fair inference from the evidential facts and circumstances that the red glare of the wigwag flashed through those openings from east of the crossing westward while the truck was approaching and while the speed of the freight train was being lowered to stop for the purpose of switching cars of gravel onto the Rivett Siding.

On the evening before the accident, Lawrence Kleve, the

driver of the truck, with his brother, Marcellus Kleve, left Cedar Rapids for Omaha with a truck load of cattle. When they arrived at St. Edward, Herman J. Fischer joined them, the three occupying the seat in the cab. They traveled through the night until they arrived at the scene of the accident after 1:00 o'clock in the morning. The driver had been over the same route five or six times and said he knew he was in the neighborhood of the crossing. The windows of the cab were closed. It was not raining at the time, but the weather was misty and foggy. The evidence is clear that careful driving at a reasonable speed under existing conditions was safe. Kleve testified at the trial and said he was traveling 12 or 15 miles an hour at the time, did not see any railroad signal and did not see the freight car across the highway until within 20 feet of it, when it was too late to prevent the collision.

A passenger in the cab of a truck which followed the one in the collision testified he saw it there when close to a bridge 163 feet west of the crossing, also saw the freight train and the freight car, stopped about 75 feet from them and walked to the scene of the accident before the men were taken from the wreck or the impacted cars moved.

The law applicable to established facts has been stated as follows:

"A motorist who drives his automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his headlights is negligent as a matter of law." *Redwelski v. Omaha & C. B. Street R. Co.*, 290 N. W. 904 (137 Neb. 681) following *Roth v. Blomquist*, 117 Neb. 444, 220 N. W. 572; *Cotten v. Stolley*, 124 Neb. 855, 248 N. W. 384; *Most v. Cedar County*, 126 Neb. 54, 252 N. W. 465; *Hendren v. Hill*, 131 Neb. 163, 267 N. W. 340.

Fog and mist at night increased the necessity for care on the part of the driver and his guest. Kleve drove his truck at such a speed and with such indifference to safety as to prevent him from stopping in time to avoid a collision with the railroad freight car. It necessarily follows as a

conclusion from the evidence and the law that his negligence caused the fatal accident. Legally, liability therefor in damages cannot be visited on defendant. On the part of the railway company, there was no negligent act or series of negligent acts that caused the death of Fischer who was himself negligent in a manner preventing recovery. The driver and guest were strangers when the guest got into the seat in the cab for a long drive at night in front of a truck load of cattle. If the headlights on the motor were insufficient to make highway signals of a railroad crossing visible from the cab of the truck or to throw light on an obstruction in time to stop before running into it, it was the duty of the guest to exercise due care for his own safety and to warn the driver accordingly under such circumstances. He failed to do anything of the kind, took his chances with the driver and rushed to his death without protest. "The standard of the duty of an invited guest riding in an automobile is the same as the driver's," says a former ruling, "but the conduct to fulfil that duty is ordinarily different because their circumstances are different." *Glick v. Poska,* 122 Neb. 102, 239 N. W. 626. In the present instance care of the guest for his own safety was not exercised to any extent and prevented recovery by plaintiff. In any event actionable negligence of defendant was not shown. There was nothing to submit to the jury and the action should have been dismissed. This conclusion makes the discussion of other questions unnecessary.

REVERSED AND DISMISSED.