DALE MIERS, BY HIS MOTHER AND NEXT FRIEND, HAZEL MIERS, APPELLEE, v. J. H. AND FRED McMAKEN, OPERATING AS McMAKEN TRANSFER COMPANY, AND F. H. MICHAEL, APPELLANTS.

22 N. W. 2d 422

FILED APRIL 10, 1946. No. 32005.

134

L. R. Doyle, for appellants.

Chambers, Holland & Locke and J. J. Thomas, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action for damages for personal injuries and for cost of hospitalization and medical care by Dale Miers, plaintiff, by his mother and next friend, against Fred McMaken, operating as McMaken Transfer Company, and F. H. Michael, defendants. There was a trial to a jury which returned a verdict in favor of plaintiff for $5,000. Judgment was entered on the verdict. A motion for new trial was filed which was overruled. From the verdict, the judgment, and the order overruling the motion for new trial the defendants have appealed.

The defendants assign as grounds for reversal that the court erred (1) in refusing to sustain a demurrer to the evidence at the conclusion of plaintiff's evidence, (2) in refusing to sustain a motion to direct a verdict in favor of defendants at the conclusion of all the evidence, (3) in refusing to sustain the motion for new trial, (4) in refusing to hold that the evidence established that the plaintiff was guilty of negligence that proximately caused the collision and the damage sustained by him, and (5) in giving instruction No. 15.

The facts in this case bearing on the question of liability, except in two particulars, are not in substantial dispute. Attention will be called to the disputed facts as they are reached in the statement. On April 12, 1944, the defend-

ant Michael was a truck driver employed by the defendant McMaken. On that day Michael had taken a 1939 International truck belonging to McMaken to Hastings. In the evening, after dark, he was returning to Omaha, Nebraska. The truck was a tractor-trailer unit. The box on the trailer extended back of and outside the wheels. There is no evidence as to the height of the box off the ground. The truck was equipped with headlights, a cluster of three amber lights on the cab, a cluster of three red lights on the back of the trailer, a taillight with a red reflector glass, and two red reflectors, one on each corner of the rear of the trailer. Whether they were on the lower or upper corners is not made clear. At about 8:45 p. m. Michael arrived at a point on U. S. Highway No. 2 a few miles northwest of Lincoln when he ran out of gasoline. He attempted to pull off the pavement and succeeded in doing so except the left rear corner of the trailer. The estimates of the distance that the corner of the trailer extended onto the pavement range from three to six feet. Michael testified that when he stopped he turned off the headlights on the truck. The testimony of the other witnesses is that all lights were off at the time of the accident. Plaintiff was driving to Lincoln from Seward in a Chevrolet coupe and traveling in the same direction as Michael. His headlights were good and pitched low at the time of the accident. His speed was about 30 to 35 miles per hour. Some distance before plaintiff came up to the McMaken truck he passed a truck going in the opposite direction. By deduction from his testimony it would appear that he places this point of passage between 50 and 100 feet north of the McMaken truck. By deduction from the testimony of other witnesses it would appear that they place the point of passage somewhere near 200 feet. Plaintiff testified that at the time he passed the truck which was going in the opposite direction his vision was temporarily impaired. He passed the truck and came on, on his right side of the road and got up to McMaken's truck before seeing it. When he saw it he pulled sharply to the left. He collided head-on

with another truck coming from the opposite direction and on the other side of the road. No flares had been placed by Michael.

As a result of the collision the plaintiff was severely injured. He contends that his injuries resulted from the negligence of the defendant Michael in parking the truck of the defendant McMaken without taking the necessary precautions against the happening of accidents required under the law and the circumstances.

On this appeal we are not concerned with the question of negligence of the defendants. No such issue is presented here. Each and all of the assignments are directed to a contention on the part of the defendants that on the facts plaintiff was guilty of negligence of a kind and character and in such a degree that he cannot recover, notwithstanding negligence on the part of the defendants. They contend that he was guilty of contributory negligence in a degree which was more than slight and that therefore, as a matter of law, he should be denied a right of recovery.

Defendants contend that the facts bring plaintiff within the general rule laid down in the syllabus in Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473, as follows: "As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps."

That this, as a general rule, is controlling in this jurisdiction is beyond question. It has been many times reannounced and followed in later cases. See Redwelski v. Omaha & C. B. Street Ry. Co., 137 Neb. 681, 290 N. W. 904; Fischer v. Megan, 138 Neb. 420, 293 N. W. 287; Nichols v. Havlat, 140 Neb. 723, 1 N. W. 2d 829; Anderson v. Robbins Incubator Co., 143 Neb. 40, 8 N. W. 2d 446.

The opinion in Roth v. Blomquist, *supra*, admits however of and suggests a number of exceptions. In the opinion it is said: "There are recognized exceptions to the gen-

eral rule or instances to which it does not apply, among them an unbarricaded, unknown, open, unlighted ditch across a highway that could only be seen at close range and not anticipated * * *; corner of a platform with a narrow edge extending from a drag line over a street car track and discernible only in close proximity to the obstruction * * *; an obstruction consisting of a pile of gravel similar in color to the surface of the highway * * *."

There are also other cases which accept the general rule and recognize specific exceptions. Adamek v. Tilford, 125 Neb. 139, 249 N. W. 300, is one such case. In the opinion in that case it was said: "To the general rule, as pointed out in the opinion in the case cited (Roth v. Blomquist, *supra*), there are exceptions, where the object or obstruction or depression is the same color as the roadway and for that reason, or for other sufficient reasons, cannot be observed by the exercise of ordinary care in time to avoid a collision. The present case is clearly within the exceptions."

In the case of Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610, the general rule with its exceptions was recognized. In the opinion it was pointed out that the rule of Roth v. Blomquist, *supra*, that is, the rule that a motorist is guilty of negligence as a matter of law if he drives his automobile so fast that he cannot stop in time to avoid a collision with an object, within the area lighted by the lamps on the automobile, has no application in those cases wherein reasonable minds might differ on the question of whether or not the operator exercised the care, caution, and prudence required of a reasonably careful, cautious, and prudent person under the circumstances of the particular situation. It was held further that under such circumstances the question of negligence on the part of the operator of the automobile was one for the jury.

Plaintiff contends that this case does not fall within the general rule but that properly it is a case wherein a jury was required to determine the question of whether or not he was in the exercise of the care, caution, and pru-

dence required of a reasonably careful, cautious, and prudent person under the circumstances when he failed to see the corner of the trailer on the highway within the area of his lights.

The trial court adopted the view of the plaintiff in this respect and submitted the case to the jury on this theory. If this theory was correct no fault is to be found with the instructions. Defendants do not contend otherwise. The instruction complained of embodies this theory and the only objection to it is that it submitted an incorrect theory.

As has been pointed out plaintiff was coming down the highway in a proper position and at a reasonable and lawful rate of speed with good lights; somewhere from 50 to 200 feet back he passed a truck whose lights impaired his vision; he drove almost to the standing truck without seeing it; the evidence is in dispute as to whether or not any lights were burning on the rear end of the truck; there were three red reflectors on the rear end of the truck at a height not given; it was dark; the rear end of the truck was red but dirty; the range of plaintiff's lights was more than 100 feet; while he had never made an experiment plaintiff estimated that he could stop his automobile at the speed at which he was traveling in the distance of around 40 feet.

Was the evidence which has been reviewed of such a kind and character that reasonable minds could differ on the question of whether or not the plaintiff exercised the care, caution, and prudence required of him under the circumstances? If it was, then the question was one for a jury. Fulcher v. Ike, *supra*. We think it was. We are unwilling to say on the record that the plaintiff was lacking in the care and caution required of him under the circumstances or more specifically that in the exercise of reasonable care he could have seen the corner of the truck of the defendants in time to avoid the consequences of his attempt to avoid striking it.

We conclude that the trial court properly submitted the question of plaintiff's negligence to the jury on the proper

theory and proper instructions and this being the only substantial issue presented on the appeal the judgment of the district court is affirmed.

AFFIRMED.