BENNETT A. ROBINS, APPELLEE, V. GERALD F. SANDOZ, APPELLANT.

120 N. W. 2d 360

Filed March 8, 1963. No. 35348.

Everett A. Anderson, for appellant.

Frank F. Aplan, Charles A. Fisher, and Charles F. Fisher, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action for damages to personal property by Bennett A. Robins, plaintiff and appellee, growing out of a collision between an automobile of the plaintiff and one which was owned and operated by Gerald F. Sandoz, defendant and appellant. The action was based on alleged negligence on the part of the defendant. The defendant filed an answer in which he denied that he was guilty of any negligence. He also filed a cross-

petition in which he charged that the collision was caused by the negligence of the plaintiff. The purpose of the cross-petition was to recover damages on account of personal injuries he claimed he had sustained and property damage to the automobile which he had operated.

A jury was duly impaneled and evidence was adduced by the parties. After the evidence of the parties had been adduced the plaintiff moved in the alternative for a directed verdict in favor of the plaintiff and against the defendant on the cross-petition, or to dismiss the cross-petition.

The defendant moved for a directed verdict in his favor.

The plaintiff then renewed his motion for directed verdict, and also moved that the court submit to the jury for determination only the question of the property damage to the plaintiff's automobile and his glasses.

The court sustained the motion to dismiss the cross-petition; found in effect as a matter of law that the plaintiff was guilty of no negligence and that the defendant's negligence was the sole cause of plaintiff's damage; and by recital in the bill of exceptions the court directed the jury to return a verdict in favor of plaintiff and against the defendant "in the sum of the stipulated amount of $1866." The stipulation referred to is the following: "It is stipulated and agreed that the amount of damages sustained by the plaintiff, the property damage to the 1960 Buick automobile and the glasses is $1866, and the jury may return a verdict for that amount." No formal written instruction appears in the record, but a verdict was accordingly returned and judgment rendered thereon.

The judgment contains the following: "The parties then stipulated that the damages sustained by the plaintiff were the sum of $1,866.00, and that the jury should be directed to enter verdict in this amount, not waiving the right of defendant, to appeal, or claim error on other

matters than the amount of the damages. The Court then directed the jury to return verdict for the plaintiff of $1,866.00 * * *." Motion for new trial or for judgment notwithstanding the verdict was duly filed which motion was overruled. From this judgment and the order overruling the motion the defendant has appealed.

A number of assignments of error as grounds for reversal are set forth in the brief, but the total substance of all of the contentions is found in one of them, as follows: "The trial court erred in finding and holding that there was no issue to be submitted to the jury under the defendant's theory of the case."

By his answer and cross-petition the defendant alleged that the negligence of the plaintiff solely and proximately caused the collision. The effect of the adjudication was to say that the evidence in the case was insufficient to justify a submission to the jury of the question of whether or not the plaintiff was guilty of negligence which proximately caused or contributed to the collision. The defendant alleged that the plaintiff was guilty of negligence in the following particulars: In stopping and parking upon the highway in a negligent manner and in violation of section 39-757, R. R. S. 1943; in failing to maintain a proper lookout; in failing to warn the defendant that the plaintiff's vehicle was parked in the defendant's lane of traffic; and in maintaining signal lamps and devices on his automobile in a defective condition.

By the assignments of error the question of whether or not there was evidence supporting these allegations or any of them sufficient for submission of the case for determination by a jury is presented. This requires a summary of the pertinent evidence, much of which is not in dispute.

On July 4, 1961, at about 9 p.m., the plaintiff was driving his 1960 Buick automobile in a northerly direction on Highway No. 87 and when he reached a point about 2 miles south of White Clay, Sheridan County,

Nebraska, the right rear tire became flat and he drove over to the right or east side of the road and stopped to change the tire. He got out and prepared to change the tire. After he had been stopped for a period of time, estimated at from 15 to 20 minutes, the defendant came also from the south and drove an automobile into the rear end of the plaintiff's automobile. The front end of the defendant's automobile struck the rear end of plaintiff's automobile. As a result the two automobiles were piled up on the east side of the highway. The defendant estimated that his automobile was at the time moving at a rate of speed of 55 to 60 miles an hour. The night was dark but the weather condition was good. The view of the location to the south was not obstructed for as much as a quarter of a mile, and to the north there was no highway obstruction having a bearing on the accident.

There is no information as to the established width of the highway at the point involved, but it did have a traveled surface of a width of about 23 feet. At the approximate center was a white line. A witness testified, and the testimony is not disputed, that the width of the traveled surface to the west of the dividing line was 12 feet and to the east 10 feet 8 inches. The automobile of the plaintiff was stopped with its right rear wheel a short distance off the surface to the east which gave him needed opportunity to place the jack on the traveled surface for the purpose of changing the tire. There was some evidence bearing on the question of whether or not there was space farther to the right which the plaintiff could have occupied for the purpose of changing the tire, which would have afforded more space for passing in the north-bound driving lane. There was no obstruction between the west side of plaintiff's automobile and the west edge of the traveled surface. The clear space to the west or left-hand side of the highway was the portion west of the dividing line plus the distance

from the dividing line to the west side of the plaintiff's automobile at the time of the collision.

In dispute is the question of whether or not the rear lights on plaintiff's automobile were lighted when it was run into. The testimony of the plaintiff is that they were. He testified that the lens in the right light was broken but that both lights were on. The testimony of the defendant was that he did not see the lights and his conclusion was that they were not on. The defendant testified that he did not and could not see plaintiff's automobile until he was from 40 to 60 feet from it and on this account he did not have time or opportunity to stop or turn aside and avoid striking it. There was some evidence on behalf of defendant that a car coming from the north had its dim lights on. It is not disputed that the automobiles of plaintiff and defendant were on their right side of the highway at the time of collision.

It is obvious that the trial court concluded that the collision was caused solely by the negligence of the defendant and that the plaintiff was free from negligence or contributory negligence. If the record sustains this conclusion then the action of the court was proper and in such event the judgment was proper. If however there was evidence of contributory negligence the comparative negligence rule applies and a question for the jury was presented.

In Hilferty v. Mickels, 171 Neb. 246, 106 N. W. 2d 40, it was said: "Because of the comparative negligence statute, even though appellee was guilty of negligence as a matter of law and if it may be found that appellant was guilty of only slight negligence, the question of whether or not the negligence of appellee was gross in comparison therewith would still be a factual one for determination of the trier of the facts." See, also, Bezdek v. Patrick, 170 Neb. 522, 103 N. W. 2d 318.

The first point of negligence charged against the plaintiff is that he was negligently parked in violation of section 39-757, R. R. S. 1943. The last sentence of this

provision only has strict application in the case here. Under the facts disclosed it is clear that an emergency as contemplated existed and the plaintiff had, under the circumstances, a temporary right to stop for the purpose of changing the tire. That right however was contingent upon his exercise of due care under the circumstances.

In Anderson v. Robbins Incubator Co., 143 Neb. 40, 8 N. W. 2d 446, this court pointed out, in a situation similar to the one involved here, that this is evidence of negligence to be taken into consideration with all of the other facts and circumstances in determining whether or not negligence existed. In other words a jury question was presented. The main difference in the two cases is that there the owner of the parked car was at the trial denied a right to recover on the ground that negligence on his part in parking defeated his right of recovery, whereas here the holding was that parking could not be asserted as a defense.

To defeat the right of the defendant to assert and to have submitted his charge of negligence and contributory negligence of the plaintiff, the plaintiff relies on the general rule announced in Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473, as follows: "As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps." There has been no departure from this as a general rule in the later cases. See, Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870; Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112.

In the briefs in this case the defendant does not urge that there was no evidence of negligence on his part. He bases his presentation on the proposition only that there was evidence that the plaintiff was guilty of negligence or contributory negligence necessary to be submitted to a jury for comparison with the negligence of the de-

fendant pursuant to the comparative negligence statute.

It becomes clear therefore that, although there are numerous cases wherein the defensive rights of motorists who have run into objects on highways in the nighttime have been considered and referred to as exceptions to the quoted pronouncement in Roth v. Blomquist, *supra,* and while there is some relation in subject matter, neither the rule nor these cases may be regarded as determinative of the question involved here. The question here is that of whether or not the defendant may defend on the ground of negligence of the plaintiff. There is nothing in the rule in that case or in the exceptions which denies to him that right.

In a situation such as this, where the evidence is in dispute, a question is presented for determination by a jury. See, Miers v. McMaken, 147 Neb. 133, 22 N. W. 2d 422; Segebart v. Gregory, 156 Neb. 261, 55 N. W. 2d 678; Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576, 42 A. L. R. 2d 1; Fick v. Herman, 159 Neb. 758, 68 N. W. 2d 622; Guerin v. Forburger, *supra.* This is made particularly clear in Anderson v. Robbins Incubator Co., *supra.*

In the light of these observations and the evidence it becomes apparent that there was a disputed question of fact as to whether or not the plaintiff was guilty of negligence which caused or contributed to the collision which question should have been submitted to a jury for determination.

This conclusion disposes adversely to the plaintiff of all questions presented by the assignments of error. There does remain, however, a contention of the plaintiff, the effect of which is to say that the defendant, by the stipulation as to the amount of plaintiff's damages, has destroyed and waived his right to a review by this court.

It is of course true that a party is not entitled to prosecute error upon the granting of an order or the rendition of a judgment when the same was made with his con-

sent, or upon his own application. See Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367. This rule has no application here in the light of what is disclosed by the record.

The bill of exceptions discloses that the trial court announced that all matters except the amount of plaintiff's damages were decided in his favor, but the determination of the amount of damages would be submitted to the jury. The defenses in this area had been rejected by the court. After this had been announced the parties stipulated that the amount of damages was $1,866 and the jury was instructed to return a verdict for this amount.

The face of the stipulation in the bill of exceptions does not make exactly clear what was intended. The judgment from which the appeal herein is taken does make clear the intention of the parties and of the court. It is thus made clear by the part of the judgment which has been quoted herein that the intention and purpose was to say only that the collision caused damage to the property of the plaintiff in the amount of $1,866. The right of appeal was not waived but was expressly reserved. The right of the defendant to appeal has not been destroyed by the stipulation.

For the reasons herein stated the conclusion reached is that there was evidence adduced sufficient for the submission of the pleaded defense for a determination by the jury, and accordingly the judgment of the district court is reversed and the cause remanded for a new trial on all of the issues presented by the pleadings.

REVERSED AND REMANDED.