BENNETT A. ROBINS, APPELLANT, V. GERALD F. SANDOZ,
APPELLEE.

131 N. W. 2d 648

Filed December 4, 1964. No. 35741.

Frank F. Aplan, Charles A. Fisher, and Charles F. Fisher, for appellant.

Everett A. Anderson and Michael V. Smith, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. FLORY and ROBERT L. SMITH, District Judges.

FLORY, ROBERT L., District Judge.

This is the second appearance of this cause in this court. See Robins v. Sandoz, 175 Neb. 5, 120 N. W. 2d 360. The case was first tried to a jury on the petition of the plaintiff and an answer and cross-petition of the defendant. After all the evidence was in the court dismissed the defendant's cross-petition and directed a verdict for the plaintiff. The defendant appealed and this court reversed the judgment and remanded the cause saying: "* * * there was evidence adduced sufficient for the submission of the pleaded defense for a determination by the jury, and accordingly the judgment of the district court is reversed and the cause remanded for

a new trial *on all of the issues presented by the pleadings.*" (Emphasis supplied.) Accordingly, the case was retried to a jury on the petition of the plaintiff, the answer and cross-petition of the defendant, and the reply and answer of the plantiff. The jury returned a verdict for the defendant on his cross-petition. Judgment was rendered, plaintiff filed a motion for new trial which was overruled, and plaintiff brought this appeal.

The facts are basically as set out in our former opinion. They will be briefly summarized. On July 4, 1961, at about 9 p.m., plaintiff stopped his gray 1960 Buick automobile headed north on an asphalt highway about 2 miles south of White Clay, Sheridan County, Nebraska, because the right rear tire had become flat. The night was dark but the weather was good. He had the wheel jacked up and was at the rear of the car in the process of changing the tire when his automobile was struck from the rear by an automobile driven by the defendant. The trunk lid of plaintiff's automobile was up at the time. Both vehicles were severely damaged. The defendant had met and passed an automobile traveling in the opposite direction approximately 100 feet to the south of plaintiff's automobile and testified that upon seeing plaintiff's automobile he only had time to whip the wheel to the left and yell before striking it. He also testified that he was traveling 55 to 60 miles per hour at the time. The traveled surface of the highway was approximately 23 feet wide. The northbound lane was 10 feet 8 inches and the southbound lane was 12 feet. The lanes were marked by a white line and the surface was gray or charcoal in color. The east shoulder was approximately 2 feet wide.

There is conflicting evidence as to whether the lights were burning on plaintiff's automobile. There is evidence by which a jury could find either way. Also in dispute is the location of plaintiff's automobile with relation to the white centerline and the east shoulder. The evidence is conflicting and varies from its left side being

at the white line to its right side being on the shoulder. The investigating officer located a gouge mark in the surface of the highway, that fit a bent jack base found near the scene, 70 inches west of the east edge of the hard surface and a flat tire scuff mark 49 inches west of the east edge. These marks show in the pictures introduced as exhibits. The location of plaintiff's automobile was also a jury question.

Section 39-757, R. R. S. 1943, provides: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway; Provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction upon such highway. Whenever any peace officer shall find a vehicle standing upon a highway in violation of the provisions of this section, he is hereby authorized to move such vehicle or require the driver or person in charge of such vehicle to move such vehicle to a position permitted under this section. The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position." Under the facts of this case an emergency as contemplated by the statute existed and plaintiff had a temporary right to stop. However, the issue as to his negligence, if any,

in so doing and the degree thereof is a question of fact for the jury. Robins v. Sandoz, *supra.*

As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his headlamps. Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473. There has been no departure from this as a general rule in the later cases. Robins v. Sandoz, *supra.*

There are, however, exceptions to the rule. In Anderson v. Robbins Incubator Co., 143 Neb. 40, 8 N. W. 2d 446, we said: "Where the evidence is such that reasonable minds might draw different conclusions therefrom, the questions of negligence and contributory negligence are for the jury." In Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610, we said: "It would appear, therefore, that the general rule with exceptions, * * * (the Roth rule) should embrace in the exceptions all situations wherein reasonable minds may differ on the question of whether or not the operator of the automobile exercised the care, caution and prudence required of a reasonably careful, cautious and prudent person under the circumstances of the particular situation. Any lesser limitation of this general rule would have the effect of destroying, to that extent, the fundamental concept of negligence, and, to that extent, of transferring a jury function to the judge." See, also, Miers v. McMaken, 147 Neb. 133, 22 N. W. 2d 422; Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576, 42 A. L. R. 2d 1; Monasmith v. Cosden Oil Co., 124 Neb. 327, 246 N. W. 623; Fick v. Herman, 159 Neb. 758, 68 N. W. 2d 622. Therefore, under the facts and circumstances of this case we conclude that the defendant's negligence, if any, and the degree thereof is a fact question for the jury.

From the evidence in this case the jury could have found the plaintiff negligent and the defendant free from negligence or both negligent and that the plaintiff's

negligence was gross in comparison with that of the defendant under the comparative negligence statute. § 25-1151, R. R. S. 1943. We hold that the verdict is sustained by the evidence thereby disposing of plaintiff's contentions that the trial court erred in refusing to direct a verdict for the plaintiff and against the defendant on his cross-petition, in submitting the case to the jury on the defendant's cross-petition, and in allowing the verdict to stand because of not being sustained by the evidence or law.

Plaintiff further contends that the trial court erred in giving instructions Nos. 3 and 12. Instruction No. 3 contains defendant's allegations of negligence on the part of plaintiff. There is evidence to support these allegations. Instruction No. 12 covers comparative negligence and is without error. These contentions are without merit.

The conclusion is that the judgment should be and is affirmed.

AFFIRMED.