REQUESTED BY: Vincent Valentino, York County Attorney.
May a county officer collect for services, supplies, and equipment furnished to the county by a company partly owned by said officer when said services, supplies and equipment were furnished without the benefit of a prior contract?
No, as to supplies. Yes, as to equipment and services as limited herein.
As you know, Neb.Rev.Stat. § 23-146 (Reissue 1977) provides that no county officer may be pecuniarily interested in or receive the benefit of any contracts with the county for any purpose when the consideration amounts to more than $5,000 in any one year.
Said provision further provides `No county officer or county surveyor shall furnish any supplies for the county on order of the county board, without contract.'
For next section, § 23-147, makes it a Class IV Misdemeanor for any county officer to violate the provisions of § 23-146.
The sentence quoted above is clear and unambiguous, in our opinion, except for the meaning of the word `supplies'.
As one might expect, this word used in different contexts has received different meanings from the courts.
The closest situation we have found, to that involved in the present question was contained in the case of Pattenv. Concho County, Tex.Civ.App. 196 S.W. 833, 835. There the court held that road machinery purchased by the county for its own use did not fall within the term `supplies and materials' as used in the statutes requiring bids for supplies of every kind, road and bridge materials or any other materials for use in the county.
On the other hand, in the case of Board of Educationv. Hoek, 183 At.2d 633, the court held that the school bidding statutes manifested the intent that the word `supplies' used therein is all inclusive and may include furniture and equipment.
In Traylor Brothers, Inc. v. Indiana Equipment Company,336 S.W.2d 590, the court held that construction equipment, whether rented or purchased, did not constitute `supplies' within the prime contractor's performance bond which was conditioned for the payment of all claims for labor, material, and supplies furnished for use in connection with construction of a road and the surety on the bond was not liable when the subcontractor failed to make alleged rental or purchase payments on equipment.
As mentioned earlier, violation of § 23-146 is a criminal offense. It is a common rule of statutory construction that a penal statute must be strictly construed. InMacomber v. State, 137 Neb. 882, the Supreme Court of Nebraska held that a penal statute is required to be construed strictly, but should be given a sensible construction; in general, that terms therein shall be so limited in their construction as not to lead to injustice, oppression, or an absurd consequence.
The Supreme Court reaffirmed this position in the later case of Anderson v. Robbins Incubator Company, 143 Neb. 40, in which it stated, `and where, as in this statute, a penalty is provided for its violation it must be strictly construed and not be extended by implication.'
The reason for this rule has been stated by the Supreme Court of Nebraska and other courts a number of times to be that the statute must disclose by reasonably explicit language what conduct will render one liable for its violation.
Following the stricter construction, we are of the opinion that the word `supplies' quoted from the foregoing section to the statutes should be given a limited meaning which would exclude services and equipment but include items which are intended to be consumed by the county in the ordinary course of county business. This being the case, it is our opinion that the county officer could not collect for supplies furnished without a prior written or oral contract with the county board but could collect for services and equipment furnished to the county in an amount not in excess of $5,000 in any one year if the county board has obligated the county by ratification. However, since the statute is explicit as to supplies, the reasonable value of supplies furnished on implied contract on quantum meruit would not, in our opinion, be collectable.